JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile:  702.629.7925
E-mail:     jag@mgalaw.com
            djb@mgalaw.com

*Attorneys for Plaintiff Thomas Comans, III*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS COMANS, III, individually, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MV TRANSPORTATION, INC., a foreign corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, | |
| Defendants. | |

**COMPLAINT WITH JURY DEMAND**

Plaintiff THOMAS COMANS, III, ("Plaintiff"), by and through his attorneys of record, the law firm MAIER GUTIERREZ & ASSOCIATES, hereby demands a trial by jury and complains and alleges against the above named defendant, MV TRANSPORTATION, INC. a foreign corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, as follows:

**JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION**

1.  This Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Nevada.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

4. This civil action is brought by Plaintiff pursuant to federal common and statutory law.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. On or about July 23, 2019, Plaintiff filed a formal Charge of Discrimination with the Nevada Equal Rights Commission ("NERC"), dual-filed with the Equal Employment Opportunity Commission ("EEOC"). This filing fulfilled Plaintiff's obligation to initiate an administrative claim before filing suit.

6. In the NERC filing, Plaintiff alleged facts demonstrating that he had been subjected to discrimination based on race by his former employer, MV Transportation, Inc. ("Defendant" or "MV Transportation").

7. On or about December 3, 2019, the NERC mailed Plaintiff a "Notice of Right to Sue" letter (*See* **Exhibit 1**) stating that he would have within 90 days of the letter's receipt to file suit.

8. Accordingly, Plaintiff has met all administrative prerequisites to bring this lawsuit.

**PARTIES**

9. Plaintiff THOMAS COMANS, III, is, and at all times pertinent hereto was, a resident of Clark County, Nevada.

10. Upon information and belief, defendant MV TRANSPORTATION, INC., is, and at all times pertinent hereto was, a foreign corporation authorized to do business in Clark County, Nevada.

11. The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of the Defendants herein designated as DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of the Court to insert the true names and capacities of such Defendants when the same have been ascertained and will further seek leave to join said Defendant in these proceedings.

///

## GENERAL ALLEGATIONS

12. Around March 2018, Plaintiff, an African-American male, applied for a position at MV Transportation.

13. During his application process, Plaintiff disclosed that he has a felony conviction on his record.

14. Prior to being hired, Plaintiff spoke to "Ms. Jones," a recruiter for MV Transportation, and again relayed his felony conviction status to her and inquired if it would be an issue. Ms. Jones stated that if there is a problem with the conviction during the background check phase, "we'll deal with it then."

15. Plaintiff proceeded to the interview stage, and on or around April 9, 2018, MV Transportation formally offered him a position as an Operator at MV Transportation, Las Vegas Division. The offer was "contingent upon successful completion of our drug testing and appropriate background checks."

16. Shortly thereafter, Plaintiff received the appropriate training, passed the required tests and background checks, and commenced his work as an Operator for MV Transportation. Plaintiff was a dedicated employee who for the most part enjoyed and took pride in working at MV Transportation.

17. On or around March 1, 2019, MV Transportation Operations Manager Bruce summoned Plaintiff into his office and informed Plaintiff (without warning and after nearly a year of employment) that he was being suspended due to his "past," without any further elaboration on what that meant. This was a shock to Plaintiff, not only because he had already disclosed his federal background information during his application process, but because (at the time) he was personally aware of certain Caucasian MV Transportation employees who also have a history of federal criminal convictions, and who served prison time at the same time as Plaintiff (some of whom even had similar federal convictions), who were not likewise suspended.

18. On or around March 11, 2019, Plaintiff met with MV Transportation Operations Manager Monica, who stated that he was being terminated because he failed his background check. Monica alleged that MV Transportation decided to start conducting felony background checks

sometime in August of 2018.  That does not explain why Plaintiff was terminated in March of 2019, nor does it explain why the Caucasian MV Transportation employees with federal felony convictions were not also terminated.

19. At the March 11, 2019 meeting, MV Transportation Operations Manager Monica then presented a termination letter to Plaintiff (which was pre-dated March 8, 2019), and demanded that he sign off on receipt of the letter.  Plaintiff did so, while noting on the letter that he did not agree with being terminated after 11 months of employment, and confirming that he had not violated any rules.

20. Upon information and belief, MV Transportation terminated Plaintiff shortly before he was due to receive his annual bonus, and right before he would have been eligible to participate in the company's funding matching program and other benefits.

21. Following his termination, Plaintiff filed for unemployment insurance.  Oddly, MV Transportation challenged Plaintiff's right to unemployment benefits, insisting that he was discharged due to a "violation of company policy."  This "violation" was apparently failing MV Transportation's race-based background check.  The Employment Security Division rejected MV Transportation's nonsensical argument, and Plaintiff was awarded the unemployment insurance to which he was entitled.

22. Plaintiff has struggled significantly with the emotional fallout over MV Transportation singling him out and terminating him based on his race, and disguising it as a federal background check violation.  Plaintiff has suffered and continues to suffer from anxiety, episodes of panic, and insomnia.

**FIRST CLAIM FOR RELIEF**

**Violation of Title VII of the Civil Rights Act – 42 U.S.C. § 2000e** *et seq.* **as amended– Unlawful Employment Practice (Race Discrimination)**

23. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

24. Plaintiff is a member of a protected class as an African-American individual.

25. During his employment at MV Transportation, Plaintiff performed his job duties according to MV Transportation's legitimate expectations.

4

26. During his employment at MV Transportation, Plaintiff suffered from an adverse employment action. Specifically, Plaintiff was suspended and then terminated approximately one year after he was hired, supposedly due to his status as a convicted felon.

27. Other (non-African-American) MV Transportation employees with qualifications and job positions similar to Plaintiff's and who were also convicted felons were treated more favorably than Plaintiff, *i.e.* were not terminated based on their status as convicted felons. Upon information and belief, as of the date of this filing, at least two (2) Caucasian convicted felons are still employed at MV Transportation.

28. Pursuant to 1991 Amendments to Title VII, Plaintiff is also entitled to recover punitive damages for Defendant's malicious and intentional violations of federal and state anti-discrimination laws. Plaintiff is entitled to recover punitive damages in an amount sufficient to punish Defendant for its illegal conduct and to deter other employers from engaging in such conduct in an amount to be determined by the jury deemed sufficient to do so.

29. As a result of Defendant's actions, Plaintiff has suffered lost wages, mental anguish, inconvenience, and loss of enjoyment of life.

30. Under applicable federal law, Plaintiff is entitled to recover all of his attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

**Violation of NRS 613.330 – Unlawful Deprivation of Employment (Race Discrimination)**

31. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

32. MV Transportation discriminated against Plaintiff by subjecting him to, among other discriminatory acts, adverse treatment based on his race, including suspending and terminating Plaintiff after he had been employed for nearly a year, allegedly based on his status as a convicted felon – which Plaintiff had reported to MV Transportation prior to actually being hired by the company.

33. Other similarly situated MV Transportation employees who are not African-American were not exposed to the same discriminatory conduct.

34.     As a result of Defendant's actions, Plaintiff has suffered lost wages, mental anguish, inconvenience, and loss of enjoyment of life.

35.     As a result of Defendant's actions, it has been necessary for Plaintiff to retain the services of attorneys and he is entitled to reasonable costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

36.     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff invokes his right to trial by jury in this civil action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For a judgment in favor of Plaintiff against Defendant, and each of them, on the complaint and all claims for relief asserted therein;

2. For an award of economic damages in an amount sufficient to make Plaintiff whole for past and future lost income and benefits and other economic losses suffered by Plaintiff resulting from Defendant' conduct;

3. For an award of compensatory damages from mental anguish, emotional distress, pain and suffering, humiliation, harm to reputation and other losses incurred by Plaintiff as a result of Defendant's conduct;

4. For an award of prejudgment and post-judgment interest;

5. For an award of punitive damages;

6. For an award of Plaintiff's cost of suit incurred herein;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

7. For an award of attorney's fees and related expenses pursuant to § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k) and other corresponding federal law; and

8. For an award of such other relief the Court may deem just and proper.

DATED this 25th day of February, 2020.

                                        Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

_/s/ Danielle J. Barraza_
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Thomas Comans, III*